IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CHANDLER L.,[1] | : Case No. 2:22-cv-03884 |
| | : |
| Plaintiff, | : Magistrate Judge Caroline H. Gentry |
| | : (by full consent of the parties) |
| vs. | : |
| | : |
| COMMISSIONER OF THE SOCIAL | : |
| SECURITY ADMINISTRATION, | : |
| | : |
| Defendant. | : |

# DECISION AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss for Failure to State a Claim, or Alternatively, Motion for Summary Judgment ("Motion"). (ECF No. 8.) On November 2, 2022, Plaintiff filed a Complaint under 42 U.S.C. §§ 405(g) and 1383(c) for a review of a final decision by the Commissioner of Social Security. (ECF No. 1.) Defendant responded by filing a Motion that asserts that Plaintiff's Complaint is time-barred. (ECF No. 8 at PageID 18.) Defendant supported its Motion with a Declaration from Rosanna Mapp, Chief of Court Case Preparation and Review Branch 3 of the Office of Appellate Operations, Social Security Administration, as well as the Administrative

---

[1] *See* S.D. Ohio General Rule 22-01 ("The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials.")

Law Judge (ALJ) Notice of Unfavorable Decision and the subsequent Notice of Appeals Council Action ("Final Notice"). (ECF No. 8-1.) Plaintiff did not file a response. Based upon the undisputed facts, the Court concludes that there is no genuine issue of material fact as to whether Plaintiff's claim is time-barred and Defendant is entitled to judgment as a matter of law. Therefore, Defendant's Motion is well-taken and is **GRANTED**.

## I. BACKGROUND

Plaintiff filed an application for Disability Benefits and Supplemental Security Income in August 2019. (ECF No. 8-1 at PageID 32.) After a hearing at Plaintiff's request, the ALJ concluded that Plaintiff was not eligible for benefits because he was not under a "disability" as defined in the Social Security Act. (*Id.* at PageID 32-47.) The Appeals Council denied Plaintiff's request for review on August 23, 2022. (*Id.* at PageID 54-59.) In its Final Notice, the Appeals Council informed Plaintiff that he had sixty days from his receipt of the Notice to challenge the determination by filing a civil action. (*Id.* at PageID 55-56.) Plaintiff is presumed to have received the Final Notice within five days after it was mailed. 20 C.F.R. § 422.210(c). Therefore, in the absence of evidence of an actual delay or a basis for equitable tolling, the deadline for Plaintiff to file this lawsuit was October 27, 2022. Plaintiff filed his Complaint on November 2, 2022. (ECF No. 1.)

## II. STANDARD OF REVIEW

Defendant's Motion relies upon matters outside of the pleadings, namely, a declaration with two exhibits (ECF No. 8-1 at PageID 25-59). Therefore, the Court will

analyze the Motion under the standard applicable to motions for summary judgment. *See* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56"); *Wysocki v. Int'l Bus. Mach. Corp.*, 607 F.3d 1102, 1104 (6th Cir. 2010). Plaintiff had notice of Defendant's alternate request for summary judgment and therefore had the opportunity to submit evidentiary materials in response to the Motion. Fed. R. Civ. P. 12(d) ("All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.").

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The moving party has the initial burden of proving that no genuine issue of material fact exists," and "the court must draw all reasonable inferences in the light most favorable to the nonmoving party." *Stansberry v. Air Wis. Airlines Corp.*, 651 F.3d 482, 486 (6th Cir. 2011) (citation omitted). Once the moving party meets its initial burden, the nonmovant is required to "cit[e] to particular parts of materials in the record" to show that there is a genuine issue for trial." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). The nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts" and must point to "evidence upon which a reasonable jury could return a verdict in favor of the non-moving party." *Lee v. Metro. Gov't of Nashville & Davidson Cnty.*, 432 F. App'x

435, 441 (6th Cir. 2011) (citation omitted). "When a motion for summary judgment is properly made and supported and the nonmoving party fails to respond with a showing sufficient to establish an essential element of its case, summary judgment is appropriate." *Stansberry*, 651 F.3d at 486 (citing *Celotex*, 477 U.S. at 322–23).

### III. DISCUSSION

Defendant argues that Plaintiff's Complaint "is time-barred because he filed it outside of the sixty-day limitations period provided in the Social Security Act, as well as the additional time given for delivery of the Appeals Council's order." (ECF No. 8 at PageID 18.) Defendant contends that although the deadline to commence this action was October 27, 2022, Plaintiff did not file his Complaint until November 2, 2022, which was after the applicable deadline. (*Id.* at PageID 19; citing ECF No. 1.)

#### A. Applicable Law

The Social Security Act establishes a sixty-day deadline for claimants to seek judicial review of an unfavorable final agency decision issued after a hearing:

> Any individual, after any final decision of the Commissioner made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g). The implementing regulation provides that "the date of receipt of notice of denial of request for review of the presiding officer's decision or notice of the

decision by the Appeals Council shall be presumed to be [five] days after the date of such notice, unless there is a reasonable showing to the contrary." 20 C.F.R. § 422.210(c).

Therefore, a plaintiff must file a civil action within sixty-five days of the date of the Appeals Council's notice, unless he rebuts the presumption that the notice arrived within five days of its issuance. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 437 (6th Cir. 2007). Notably, the Sixth Circuit requires strict adherence to this sixty-five-day deadline. *Cook*, 480 F.3d at 437 ("Although allowing [the plaintiff] to file his complaint one day late likely would create little prejudice to the Commissioner in this particular case, we are mindful of the fact that there are millions of applicants for Social Security benefits each year, and that the lack of a clear filing deadline could create havoc in the system."); *see also Kellum v. Comm'r of Soc. Sec.*, 295 F. App'x 47, 51 (6th Cir. 2008) (affirming the dismissal of a complaint that was filed five days after the deadline).

A plaintiff can extend the sixty-five-day deadline by rebutting the presumption based upon evidence that he did not receive the notice within five days. Alternatively, there are two other methods of extending the filing deadline. The first method is to obtain an extension from the Appeals Council based upon a showing of good cause. 20 C.F.R. §§ 404.982, 416.1482. The second method is to invoke the doctrine of equitable tolling based upon: (1) lack of notice of the filing requirement; (2) lack of constructive knowledge of the filing requirement; (3) plaintiff's diligence in pursuing his rights; (4) lack of prejudice to the defendant; and (5) reasonableness of the plaintiff's ignorance of

the filing requirement. *Cook*, 480 F.3d at 437 (citing *Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir. 2001)). A plaintiff must also demonstrate exceptional circumstances. *Kellum v. Comm'r of Soc. Sec.*, 295 F. App'x 47, 49 (6th Cir. 2008). "This is a high hurdle to clear, as 'federal courts sparingly bestow equitable tolling.'" *Id.* (citing *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000)). Generally, "equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Graham-Humphreys*, 209 F.3d at 560–61. Further, "the actions of a privately retained attorney are imputed to the client." *Kellum*, 295 F. App'x at 50 (internal quotations and citations omitted).

    **B.**    **Based On The Undisputed Facts, There Is No Genuine Issue Of Material Fact As To Whether Plaintiff's Complaint Is Time-Barred.**

The undisputed facts before the Court establish that there is no genuine issue of material fact as to the untimeliness of Plaintiff's Complaint. The Final Notice is dated August 23, 2022. (ECF No. 8-1 at PageID 54.) Absent evidence to rebut the presumption that he received the Final Notice within five days, an extension of time from the Appeal Council, or a basis for equitable tolling, Plaintiff was required to file his Complaint by October 27, 2022. But he did not file it until November 2, 2022. (ECF No. 1.)

Defendant has met its initial burden of pointing to evidence that demonstrates the absence of a genuine issue of material fact as to the untimeliness of Plaintiff's Complaint.

Specifically, Defendant provided an authenticated copy of the Final Notice and it is dated August 23, 2022. (ECF No. 8-1 at PageID 54.) Further, Declarant Mapp averred under penalty of perjury that she "is not aware of any request for an extension of time to file a civil action" that was submitted by Plaintiff. (ECF No. 81 at PageID 27-28.) Under the applicable legal framework, this evidence shows that Plaintiff's deadline for filing this lawsuit was October 27, 2022.

Plaintiff has not pointed to any evidence that would create a genuine issue of material fact as to whether the filing deadline was October 27, 2022. Inexplicably, Plaintiff alleged in the Complaint that the Notice was "dated ***August 29, 2022***" (ECF No. 1 at PageID 1) (emphasis added). But "[u]nverified allegations are not evidence and cannot create a genuine issue as to any fact." *Estate of Parker v. Clark Cty.*, No. 3:17-cv-307, 2019 U.S. Dist. LEXIS 47640, *2 (S.D. Ohio Mar. 22, 2019) (Rose, D.J.). Further, Plaintiff has not shown that he received the Final Notice after the presumed five-day period. *See* 20 C.F.R. § 422.210(c); *Cook*, 480 F.3d at 437. Finally, Plaintiff has not invoked the doctrine of equitable tolling or pointed to any evidence that would support it.

Accordingly, based upon the undisputed facts, the Court finds that there are no genuine issues of material fact regarding the untimeliness of this lawsuit. An award of summary judgment is therefore appropriate and Defendant's Motion is **GRANTED.**

**IT IS THEREFORE ORDERED THAT**:

1. Defendant's Motion to Dismiss for Failure to State a Claim, or Alternatively, Motion for Summary Judgment (ECF No. 8) is GRANTED;

2. Judgment is entered in favor of Defendant and against Plaintiff; and

3. This case is terminated on the Court's docket.

*s/Caroline H. Gentry*
Caroline H. Gentry
United States Magistrate Judge